# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| DONNA CHISESI, AS INDEPENDENT ADMINISTRATRIX OF THE ESTATE OF JONATHAN VICTOR, DECEASED, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 19-221 |
| v. | ) ) | |
| MATTHEW HUNADY, in his individual capacity, as a Baldwin County, Alabama, Sheriff's Deputy, and HUEY HOSS MACK, in his individual capacity, as the Sheriff of Baldwin County, Alabama | ) ) ) ) ) ) | |
| Defendant. | ) | **JURY DEMANDED.** |

## CIVIL COMPLAINT

NOW COMES Plaintiff, DONNA CHISESI, as Independent Administratrix of the Estate of Jonathan Victor, Deceased, by and through the undersigned counsel, J. Samuel Tenenbaum, complaining of the Defendants under and pursuant to the United States Constitution, 42 U.S.C. §1983 and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Constitution of the United States; the Civil Rights Act, 42 U.S.C. §1983; federal diversity jurisdiction under 28 U.S.C. §1332, as the parties are completely diverse in citizenship; subject matter jurisdiction under Judicial Code 28 U.S.C. §1331; and original jurisdiction under Judicial Code 28

U.S.C. §1343(a). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## VENUE

3. Venue is proper under 28 U.S.C. Section 1391(b)(2). The events described herein all occurred in Baldwin County, Alabama.

## NATURE OF THE ACTION

4. This is a wrongful death and personal injury action arising out of the injury to and death of Jonathan Victor, on or about May 12, 2017 in Baldwin County, Alabama on Interstate 10 near mile marker 59 in Alabama. Mr. Victor was traveling towards Florida on Interstate 10 when he became involved in an apparent one-vehicle traffic accident, causing his vehicle to land in a ditch. Upon Mr. Victor's exit from his vehicle, Officer Matthew Hunady, a Baldwin County Sheriff's Deputy, shot Mr. Victor multiple times, resulting in Mr. Victor's death on May 13, 2017.

## THE PARTIES

5. Plaintiff DONNA CHISESI is an adult individual who resides in the state of Louisiana and is the Independent Administratrix of the Estate of Jonathan Victor, who was killed as a result of the acts complained of herein.

6. Defendant Officer MATTHEW HUNADY ("Defendant HUNADY") is a resident of the state of Alabama and a present or former employee of the BALDWIN COUNTY SHERIFF. Defendant HUNADY engaged in the conduct complained of while on duty and in the course and scope of his employment with the BALDWIN COUNTY SHERIFF and under color of law. Defendant HUNADY is being sued in his individual capacity.

7. Defendant Huey Hoss Mack ("SHERIFF") is a resident of the state of Alabama. At all relevant times, Defendant SHERIFF was the Sheriff of the BALDWIN COUNTY SHERIFF and the supervisor of Defendant HUNADY. Defendant SHERIFF engaged in the conduct complained of while on duty and in the course and scope of his employment with the BALDWIN COUNTY SHERIFF and under color of law. Defendant SHERIFF is being sued in his individual capacity.

## STATEMENT OF FACTS

8. On or around May 12, 2017, Jonathan Victor (hereafter "Jonathan") deceased, was driving on the eastbound lanes of Interstate 10 near mile marker 59 when he became involved in an apparent single-vehicle traffic accident, causing his car to land in a mud ditch and become damaged.

9. Emergency response units responded to a dispatch call about the single-vehicle crash at around 4:52 p.m.

10. At around 5:10 p.m., the Rosinton Volunteer Fire Department ("Rosinton VFD") arrived on the scene.

11. Rosinton VFD reported its observations of Jonathan to BALDWIN COUNTY SHERIFF'S OFFICE ("BSCO").

12. Upon arrival, Rosinton VFD observed an apparently injured and bloody Jonathan in his vehicle located in a marsh area of land. Rosinton VFD personnel informed Jonathan that a med unit was called to check on him.

13. Rosinton VFD attempted to provide Jonathan with medical assistance at approximately 5:15 p.m.

14. At around 5:15 p.m., MedStar ("MedStar") paramedics arrived on the scene.

15. At around 5:20 p.m., Rosinton VFD personnel noted that Jonathan had something in his lap and that it was covered in blood. Emergency personnel additionally observed Jonathan climb into the back seat and grab something.

16. At around 5:24 p.m., Rosinton VFD personnel noted that Jonathan appeared to be in an altered state of mind.

17. At around 5:30 p.m., several officers employed by the BALDWIN COUNTY SHERIFF'S OFFICE ("BCSO") including Defendant HUNADY arrived on the scene.

18. At around the same time, officers ran a search on Jonathan's prior criminal history and found that Mr. Victor had a clean record.

19. Jonathan was not receptive to commands from either emergency personnel or BSCO to seek medical attention or exit the vehicle after his injuries occurred.

20. At no point did emergency personnel, employees of BSCO, or Defendant HUNADY confirm that Jonathan in fact had a weapon on his person or in the vehicle.

21. After conducting an external search of the vehicle, Defendant HUNADY told Sergeant Lusk that he could not see inside of Jonathan's vehicle.

22. Subsequently, Sergeant Lusk conducted an external search of the vehicle and was also unsuccessful in being able to see inside of the vehicle, as he reported the rear windows being tinted and the vehicle being covered in mud and debris.

23. At around 5:42 p.m., BSCO agents and Defendant HUNADY ordered Jonathan to exit the vehicle with his hands up.

24. Jonathan then complied with said commands and exited the vehicle with his hands up.

25. As Jonathan exited the vehicle, BSCO employees reported seeing dark objects, cloths, or materials that appeared to be wrapped around Jonathan's hands and wrists.

26. Subsequently, Jonathan staggered forward with his hands in the air.

27. As Jonathan staggered through the marshland ditch, Defendant HUNADY yelled out commands for Jonathan to drop what was in his hands.

28. At no point did Jonathan possess or display any weapons.

29. At no point did Jonathan threaten to inflict any harm on any BCSO agents, other law enforcement officers, or any third parties; or attempt to inflict any harm on anyone with the use of a weapon or otherwise.

30. At no point did Jonathan attempt to evade or escape any BSCO officers.

31. Jonathan continued to stagger forward with his hands in the air when Defendant HUNADY fired multiple gunshots using his AR-556 Style Rifle at Jonathan at around 5:43 p.m.

32. At approximately 5:44 p.m., a call was made to request a Lifecopter to transport Jonathan to the hospital for medical attention.

33. In response to the shooting, more MedStar paramedics arrived.

34. Air Care arrived to transport Mr. Victor to the University of South Alabama Medical Center in Mobile Alabama, approximately 15 minutes away from the scene.

35. Jonathan arrived to the hospital with critical and life-threatening injuries.

36. At around 6:30 p.m. on May 12, 2017, a witness to the car accident by the name of Donald Wayne Alumbaugh ("Mr. Alumbaugh") filled out and signed a Voluntary Witness Statement for the BSCO.

37. Mr. Alumbaugh stated that after seeing Jonathan's vehicle veer onto the side of the road, he observed Jonathan passed out in the vehicle with his foot on the gas and with a

cigarette burning in his lap. Mr. Alumbaugh also noted that Jonathan's hand was wrapped in what appeared to be a towel-like cloth.

38. At approximately 6:33 p.m., Lifecopter paramedics administered 80 mg. of Ketamine to Jonathan in order to relax his body for transportation.

39. At approximately 6:53 p.m., BSCO agents conducted a walk-through scene assessment. BSCO agents found a black fanny pack and a blue shirt. BSCO agents also noted that Jonathan's vehicle was in a ditch full of water.

40. At around 7 p.m., MedStar personnel provided statements regarding their response to the shooting of Jonathan.

41. MedStar employee, Blythe Reid ("Ms. Reid") reported that Jonathan appeared to not be alert and nearly unconscious.

42. At around 1:59 a.m. on May 13, 2017, Jonathan died in the operating room at the University of South Alabama Medical Center in Mobile, Alabama.

43. The cause of death was multiple gunshot wounds by another person.

## COUNT I –- 42 U.S.C. §1983 WRONGFUL DEATH
### Against Defendant HUNADY

44. Plaintiff adopts and re-alleges and incorporates all of the allegations in the preceding paragraphs of this Complaint and as if fully set forth herein.

45. The Defendant violated 42 U.S.C. §1983 in the manner set forth herein.

46. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

47. The actions of Defendant HUNADY constituted unreasonable, unjustifiable, and excessive force against Jonathan Victor and thus violated his rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

48. Defendant HUNADY owed a duty to Jonathan to use reasonable care in preventing unnecessary harm to him.

49. Defendant HUNADY failed to use reasonable care in preventing unnecessary harm to Jonathan when he fired several gunshots at him despite no threat posed by Jonathan or proof of any weapons in his possession.

50. Defendant HUNADY caused Jonathan to sustain several injuries by firing multiple gunshots at him, and breached his duties owed to Jonathan.

51. As a direct and proximate result of Defendant HUNADY's actions, Jonathan sustained fatal bodily injuries, and was admitted to the University of South Alabama Medical Center in Mobile Alabama and was pronounced dead at 1:59 a.m.

52. This Complaint was timely filed within 2 years of the death of Jonathan Victor pursuant to Alabama Codes § 6-5-410 and § 6-2-38.

WHEREFORE, as a result of Defendant's unconstitutional actions, Plaintiff requests compensatory damages to be determined at trial, punitive damages, cost and attorneys' fees and additional relief that this Court deems equitable and just.

## COUNT II – 42 U.S.C. §1983 – EXCESSIVE FORCE
## Against Defendant HUNADY

53. Plaintiff adopts and re-alleges and incorporates all of the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

54. The Defendant violated 42 U.S.C. §1983 in the manner set forth herein.

55. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

56. The actions of Defendant HUNADY constituted unreasonable, unjustifiable, and excessive force against Jonathan and thus violated his rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

57. Jonathan was severely injured as a result of Defendant HUNADY's conduct.

58. Defendant HUNADY inflicted physical violence upon Jonathan that was excessive, unnecessary, unreasonable, and grossly disproportionate to the need for action under the circumstances, and thereby violated Jonathan's Fourth Amendment rights against unreasonable search and seizure.

59. Defendant HUNADY used deadly physical force against Jonathan in violation of his Fourth Amendment rights, and the use of said force was Constitutionally unreasonable.

60. The actions of Defendant HUNADY were done with reckless indifference to, or malice to the Federally protected rights of Jonathan.

61. As a direct and proximate result of the Defendant's conduct, Jonathan suffered injury, pain and suffering, and eventually death.

62. This Complaint was timely filed within 2 years of the death of Jonathan Victor pursuant to Alabama Codes § 6-5-410 and § 6-2-38.

WHEREFORE, as a result of Defendant's unconstitutional actions, Plaintiff requests compensatory damages to be determined at trial, punitive damages, cost and attorneys' fees and additional relief that this Court deems equitable and just.

### COUNT III – 42 U.S.C. § 1983 – *MONELL* LIABILITY
### Against Defendant SHERIFF

63. Plaintiff adopts and re-alleges and incorporates all of the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

64. The Defendant violated 42 U.S.C. §1983 in the manner set forth herein.

65. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

66. Where a municipality's failure to supervise causes a constitutional violation, and such a failure reflects deliberate indifference to constitutional rights, the municipality may be found liable under 42 U.S.C. § 1983.

67. Law enforcement officers with final policymaking authority for their agency or public entity can subject those entities to liability under 42 U.S.C. § 1983.

68. Defendant SHERIFF was the final policymaker for law enforcement purposes of his office in Baldwin County, and therefore had a duty to ensure that the BSCO agents exercised a custom or practice of adequately training and supervising its agents, including Defendant HUNADY, to respond in a proportionate and appropriate manner to injured individuals and/or individuals displaying signs of an altered state of mind.

69. Defendant SHERIFF failed to properly train and supervise BSCO agents, including Defendant HUNADY, and thereby allowed Defendant HUNADY to use excessive force which directly and proximately caused Jonathan to sustain multiple critical and life-threatening injuries that led to his death on May 13, 2017.

70. At the time Jonathan was killed, Defendant SHERIFF breached his above-described duties and failed to ensure that the BSCO agents, including Defendant HUNADY, were properly trained and supervised to respond in a proportionate and appropriate manner to a clearly injured individual who displayed signs of an altered state of mind. Such a failure reflects a deliberate indifference by Defendant SHERIFF to the constitutional rights of Jonathan. The Sheriff's deliberate indifference amounted to an Unconstitutional custom,

practice or policy, violative of the Fourth Amendment, and said Unconstitutional custom, practice or policy was the cause of Jonathan's death.

71. This Complaint was timely filed within 2 years of the death of Jonathon Victor pursuant to Alabama Codes § 6-5-410 and § 6-2-38.

WHEREFORE, as a result of Defendant's unconstitutional actions, Plaintiff requests compensatory damages to be determined at trial, punitive damages, cost and attorneys' fees and additional relief that this Court deems equitable and just.

### COUNT IV – 42 U.S.C. § 1983 SUPERVISORY LIABILITY
### Against Defendant SHERIFF

72. Plaintiff adopts and re-alleges and incorporates all of the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

73. The Defendant violated 42 U.S.C. §1983 in the manner set forth herein.

74. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

75. Under 42 U.S.C. § 1983, Supervisory Liability can be found either where a supervisor personally participates in the alleged constitutional violation or where there is a sufficient causal connection between the supervising official's actions and the alleged Constitutional deprivation.

76. At all relevant times, Defendant SHERIFF acted under color of state law.

77. Defendant SHERIFF was the supervising official for law enforcement purposes of his office in Baldwin County, and therefore had a duty to ensure that he adequately supervised the BSCO agents, including Defendant HUNADY, to ensure that his subordinate agents responded in a proportionate and appropriate manner to injured individuals and/or individuals displaying signs of an altered state of mind.

78. Defendant SHERIFF failed to properly supervise his subordinate agents, including Defendant HUNADY, and thereby allowed Defendant HUNADY to use excessive force which directly and proximately caused Jonathan to sustain multiple critical and life-threatening injuries that led to his death on May 13, 2017.

79. At the time Jonathan was killed, Defendant SHERIFF breached his above-described duties and failed to properly supervise BSCO agents, including Defendant HUNADY, to ensure that the BSCO agents responded in a proportionate and appropriate manner to a clearly injured individual who displayed signs of an altered state of mind. Such a failure to supervise reflects the Sheriff's deliberate indifference to the known or obvious consequence that his failure to supervise in this circumstance would cause his subordinate agents to violate Jonathan's constitutional rights.

80. Defendant SHERIFF's failure to supervise caused his subordinate agent, Defendant HUNADY, to deprive Jonathan of his Federally protected rights under the Fourth Amendment, and thereby establishes a sufficient causal connection between the Sheriff's failure to supervise his subordinate agents and the deprivation of Jonathan's constitutional rights, such that the Sheriff's failure to supervise caused Jonathon's ultimate injury.

81. This Complaint was timely filed within 2 years of the death of Jonathon Victor pursuant to Alabama Codes § 6-5-410 and § 6-2-38.

WHEREFORE, as a result of Defendant's unconstitutional actions, Plaintiff requests compensatory damages to be determined at trial, punitive damages, cost and attorneys' fees and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

DONNA CHISESI, AS INDEPENDENT
ADMINISTRATRIX OF THE ESTATE
OF JONATHAN VICTOR, DECEASED

By one of her attorneys:
/s/ J. Samuel Tenenbaum
J. Samuel Tenenbaum
s-tenenbaum@law.northwestern.edu

Complex Civil Litigation and Investor Protection Center
Bluhm Legal Clinic
Northwestern Pritzker School of Law
750 N. Lake Shore Drive, 8th Floor
Chicago, IL 60611-3069
(312) 503-4808

**CERTIFICATE OF SERVICE** I do hereby certify that I have on this 7th day of May, 2019 filed the foregoing with the Clerk of Court via E-File which will serve electronic notification of same upon the following:

/s/ J. Samuel Tenenbaum
J. Samuel Tenenbaum
s-tenenbaum@law.northwestern.edu