### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **DONNA CHISESI, as independent Administratrix of the estate of JONATHAN VICTOR, deceased,** ) ) ) ) | |
| **Plaintiff** ) ) | **CASE NO.: 1:19-cv-00221-C** |
| **v.** ) ) ) | |
| **MATTHEW HUNADY, in his individual capacity, as a Baldwin County, Alabama, Sheriff's Deputy, and HUEY HOSS MACK, in his individual capacity, as the Sheriff of Baldwin County, Alabama** ) ) ) ) ) ) ) | |
| **Defendants.** ) | |

### DEFENDANT SHERIFF HUEY "HOSS" MACK'S AMENDED ANSWER

COMES NOW the Defendant, Sheriff Huey "Hoss" Mack and answers the Plaintiff's complaint as follows:

### INTRODUCTION

1. The averments in this paragraph do not require an answer from this Defendant. However, to the extent that any averment can be construed as a factual allegation that imposes liability on this Defendant, they are denied.

### JURISDICTION

2. This Defendant does not admit or deny the averments in this paragraph as they state a legal conclusion that should be better left to the court to determine rather than the parties.

1

## **VENUE**

3. Admitted.

## **NATURE OF THE ACTION**

4. The averments in this paragraph do not require an answer from this Defendant. However, to the extent that any averment can be construed as a factual allegation that imposes liability on this Defendant, they are denied.

## **THE PARTIES**

5. Defendant is without sufficient information or belief to admit or deny the averments in this paragraph.

6. The averments in this paragraph do not require an answer from this Defendant. However, to the extent that any averment can be construed as a factual allegation that imposes liability on this Defendant, they are denied.

7. Defendant admits that he is identified, that while engaged in the conduct made the basis of this complaint, he was on duty and acting in the course and scope of his employment, and that he was acting under the color of state law.

## **STATEMENT OF FACTS**

8. Upon information and belief, this averment is admitted.

9. Upon information and belief, this averment is admitted.

10. Upon information and belief, this averment is admitted.

11. Upon information and belief, this averment is admitted.

12. Upon information and belief, this averment is admitted in part. The averment that Jonathan Victor's (hereinafter referred to as Victor) vehicle was located in a marsh area of land is denied, as it was in the median of Interstate 10.

13. Upon information and belief, this averment is admitted.

14. Upon information and belief, this averment is admitted.

15. Upon information and belief, this averment is admitted.

16. Defendant is without sufficient information or belief to admit or deny the averments in this paragraph.

17. Upon information and belief, this averment is admitted.

18. Upon information and belief, this averment is admitted that Victor did not have a criminal record.

19. Upon information and belief, this averment is admitted that Victor did not respond to commands. This Defendant is without sufficient information or belief to admit or deny the averment that Victor was no receptive to commands because of his injuries.

20. Upon information and belief, this averment is admitted but is noted that Victor did not give anyone at the scene the opportunity to confirm the existence of a weapon.

21. Upon information and belief, this averment is admitted.

22. Upon information and belief, this averment is admitted.

23. Upon information and belief, this averment is admitted.

24. This averment is denied. Victor got out of passenger side of the vehicle and acted as if he had a gun drawn on officers.

25. Upon information and belief, this averment is admitted that law enforcement officers and people at the scene saw that Victor's hands were wrapped as if he had a weapon.

26. This averment is denied.

27. Upon information and belief, this averment is admitted.

28. This averment is denied because Victor was approaching as if he had a weapon.

29. This averment is denied.

30. This averment is denied.

31. Defendant admits that he shot Victor. All other averments are denied.

32. Upon information and belief, this averment is admitted.

33. This averment is denied because upon information and belief, medical personnel were already present at the scene.

34. Upon information and belief, this averment is admitted.

35. Upon information and belief, this averment is admitted.

36. Upon information and belief, this averment is admitted.

37. Upon information and belief, this averment is admitted.[1]

---

[1] The averments set forth in this paragraph as well as paragraph 36 originate from a summary of a voluntary statement given by Donald Wayne Alumbaugh, who was a witness at the scene. These averments are only a portion of Mr. Alumbaugh's full statement, which is as follows: "Mr. Alumbaugh advised he and his wife, Wendy Kay Alumbaugh, were eastbound on 1-10 near the 59-mile marker and observed a silver BMW SUV in the ditch in the median that appeared to have crashed. Mr. Alumbaugh stated he stopped to provide assistance and as he approached the BMW noticed the driver appeared unconscious still pressing the gas pedal of the vehicle and a cigarette still burning in his lap. Alumbaugh also noticed the driver's hand was wrapped in what appeared to be a towel like cloth. Mr. Alumbaugh advised he yelled at the driver and the driver looked up. As he approached, Alumbaugh stated the driver rolled up the window and locked the doors to the BMW. Alumbaugh stated the driver was yelling to get away from his car. Alumbaugh advised he called emergency personnel and, upon arrival, the fire department again attempted to speak with the driver who refused to get out of the vehicle. Alumbaugh advised prior to Law Enforcement's

38. Defendant is without sufficient information or belief to admit or deny the averments in this paragraph.

39. This averment is denied. The scene was investigated by the Baldwin County Violent Crimes Task Force, which is a separate entity than the Baldwin County Sheriff's Office.

40. Defendant is without sufficient information or belief to admit or deny the averments in this paragraph.

41. Defendant is without sufficient information or belief to admit or deny the averments in this paragraph.

42. Upon information and belief, this averment is admitted.

43. Upon information and belief, this averment is admitted.

### COUNT I –- 42 U.S.C. §1983 WRONGFUL DEATH
### Against Defendant HUNADY

44. This Defendant incorporates the response to each paragraph to the Complaint as if fully restated here.

45. The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

---

arrival the driver was moving from the front to the rear of the vehicle. He advised when deputies arrived, they attempted numerous times to direct the driver out of the vehicle and to show them his hands. *Alumbaugh stated when the driver did exit the vehicle from the passenger side it appeared, he had a gun and was advancing on the deputies. (Emphasis Added)* Alumbaugh advised the deputies told the driver many times to put his hands up and lay on the ground and *the subject then was running towards them making motions like he was shooting when the deputy shot him. (Emphasis Added)* Alumbaugh advised he was positioned east of the scene near the front of the ambulance and had a vivid vantage point of the entire incident." Clearly, before filing of this Complaint, Plaintiff had knowledge that Victor appeared to have a gun and advanced upon the deputies, contravening much of her Complaint and claims. Yet, she brought this Complaint.

5

46. The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

47. The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

48. The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

49. The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

50. The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

51. The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

52. The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

Further, this Defendant denies that Plaintiff is entitled to any relief sought. This Defendant seeks reimbursement of all fees and costs pursuant to 42 U.S.C. § 1988 or other appropriate rule or statute.

## **COUNT II – 42 U.S.C. §1983 – EXCESSIVE FORCE**
## **Against Defendant HUNADY**

53.     This Defendant incorporates the response to each paragraph to the Complaint as if fully restated here.

54.     The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

55.     The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

56.     The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

57.     The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

58.     The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

59. The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

60. The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

61. The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

62. The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

Further, this Defendant denies that Plaintiff is entitled to any relief sought. This Defendant seeks reimbursement of all fees and costs pursuant to 42 U.S.C. § 1988 or other appropriate rule or statute.

## **COUNT III – 42 U.S.C. § 1983 – *MONELL* LIABILITY**
## **Against Defendant SHERIFF**

63. This Defendant incorporates the response to each paragraph to the Complaint as if fully restated here.

64. Denied. This Defendant further denies that he is a municipality and subject to the holding under *Monell*.

65. Denied. This Defendant further denies that he is a municipality and subject to the holding under *Monell*.

66. Denied. This Defendant further denies that he is a municipality and subject to the holding under *Monell*.

67. Denied. This Defendant further denies that he is a municipality and subject to the holding under *Monell*.

68. Denied. This Defendant further denies that he is a municipality and subject to the holding under *Monell*.

69. Denied. This Defendant further denies that he is a municipality and subject to the holding under *Monell*.

70. Denied. This Defendant further denies that he is a municipality and subject to the holding under *Monell*.

71. Denied. This Defendant further denies that he is a municipality and subject to the holding under *Monell*.

Further, this Defendant denies that Plaintiff is entitled to any relief sought. This Defendant seeks reimbursement of all fees and costs pursuant to 42 U.S.C. § 1988 or other appropriate rule or statute.

## **COUNT IV – 42 U.S.C. § 1983 SUPERVISORY LIABILITY**
### **Against Defendant SHERIFF**

72. This Defendant incorporates the response to each paragraph to the Complaint as if fully restated here.

73. Denied.

74. This Defendant does not admit or deny the averments in this paragraph as they state a legal conclusion that should be better left to the court to determine rather than the parties.

75. This Defendant does not admit or deny the averments in this paragraph as they state a legal conclusion that should be better left to the court to determine rather than the parties.

76. Admitted.

77. Defendant admits that he is a supervisor. All other averments are denied.

78. Denied.

79. Denied.

80. Denied.

81. Upon information and belief, this averment is admitted.

Further, this Defendant denies that Plaintiff is entitled to any relief sought. This Defendant seeks reimbursement of all fees and costs pursuant to 42 U.S.C. § 1988 or other appropriate rule or statute.

## AFFIRMATIVE DEFENSES

1. Complaint separately and severally fails to state a claim against the Defendant in his individual capacity. The Defendant asserts that he is not liable in any manner to the Plaintiff regarding the allegations in the Complaint.

2. In his individual capacity, Defendant asserts that he is entitled to qualified immunity on the Plaintiff's claims under 42 U.S.C. § 1983.

3. Defendant cannot establish causation.

4. Defendant asserts that he cannot be held liable based upon any theory of vicarious liability, respondeat superior, or collective conduct.

5. Defendant asserts that he cannot be held liable based upon imputed knowledge.

6. Defendant asserts the right of set-off.

7. Defendant asserts that Plaintiff lacks standing to bring and maintain this action.

8. Defendant asserts that the imposition of punitive damages under Alabama law is arbitrary and capricious inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature; Plaintiff must show entitlement to the same by evidence beyond a reasonable doubt; further imposition of punitive damages under Alabama law is contrary to the due process and equal protection clauses of both the Constitution of the United States and the State of Alabama Constitution; and that imposition of punitive damages under Alabama law, even with <u>Green Oil</u> and <u>Hammonds</u> guidelines, is arbitrary and capricious, leading to "grossly excessive" punitive damage awards inasmuch as a jury is provided neither guidelines and reaching some rational ratio between compensatory and punitive damages, nor some rational relation between the Defendants' alleged conduct and the legitimate interest of the State to punish willful conduct and deter its repetition.

9. The Plaintiff's claims for punitive damages violate the Defendant's rights guaranteed by the Constitution of the United States and the Constitution of the State of Alabama, in that they are penal in nature, yet require a burden of proof by Plaintiff which is less than beyond a reasonable doubt.

10. Defendant denies that he has been guilty of any conduct which warrants the issue of punitive damages being submitted to the jury or which allows the Plaintiff to recover punitive damages.

11. Plaintiff's claims cannot be maintained as a matter of law.

12. Defendant reserves the right to amend this Answer to add additional affirmative defenses as discovery progresses.

Respectfully submitted this 22nd day of July 2019.

                                        **/s/J. Randall McNeill**
                                        J. RANDALL McNEILL (ASB-4841-E29J)
                                        Attorney for Defendant Sheriff Huey "Hoss" Mack
                                        WEBB & ELEY P.C.
                                        7475 Halcyon Pointe Drive (36117)
                                        Post Office Box 240909
                                        Montgomery, Alabama 36124
                                        (334) 262-1850 T
                                        (334) 262-1889 F
                                        rmcneill@webbeley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 22nd day of July, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Samuel Tenenbaum
Northwestern Pritzker University School of Law
375 E. Chicago Ave.
Chicago, IL 60611
(312) 953-7185 T
s-tenenbaum@law.northwestern.edu

                                        **/s/J. Randall McNeill**
                                        OF COUNSEL