IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONNA CHISESI, as Independent Administratrix of the Estate of Jonathan Victor, Deceased, | : : : : |
| Plaintiff, | : : |
| vs. | : CA 1:19-00221-C[1] : |
| MATTHEW HUNADY, *et al.*, | : : |
| Defendants. | : |

**SECOND SUPERSEDING RULE 16(b) SCHEDULING ORDER**

The Joint Motion to Continue All Pretrial Deadlines and Trial Date (Doc. 64) is **GRANTED IN PART AND DENIED IN PART** for the reasons stated during the telephonic conference. After consideration of the Fed. R. Civ. P. 26(f) report as revised (Doc. **58**), which was filed on February 13, 2025, and the statements of counsel presented during the telephonic hearing held on June 23, 2025, the following superseding scheduling order is entered pursuant to Fed. R. Civ. P. 16(b):

1. FINAL PRETRIAL CONFERENCE. This jury action shall come on for a pretrial conference before United States Magistrate Judge William E. Cassady on **August 21, 2025, at 2:00 p.m.,** in **Mobile, Alabama**, in

---

[1] This action is proceeding as a consent case before the undersigned pursuant to the consent of the parties and a referral by Chief Judge Beaverstock. 28 U.S.C. §636(c) and Fed.R.Civ.P. 73. See Docs. 15 & 21.

**Courtroom 3A.** This is a firm setting and the parties are expected to be ready for trial by the pretrial conference.

    2.    TRIAL. This jury action will come on for trial in **Mobile, Alabama during the month of September 2025,** with specific dates provided during the final pretrial conference. The first opportunity for jury selection for the September trial term will be held on **September 3, 2025 at 9:00 a.m.** in Courtroom 3A, United States Courthouse. The parties have estimated that this action will require **ten (10) trial days**.

    3.    DISCOVERY COMPLETION. All remaining discovery specifically discussed with counsel on June 23, 2025 is to be completed on or before **July 11, 2025**. Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery.

For all actions, "completed" means that all interrogatories, requests for admissions, and requests for production have been served and responded to; physical inspections and testing have been concluded; physical and mental examinations have been concluded; experts' reports have been exchanged; all depositions, including experts' depositions, have been taken; any motions to compel having been timely filed to give adequate time for the court to consider them; and non-party subpoenas (for production of evidence or to permit inspection) have been served and responded to.

4. <u>INITIAL DISCLOSURES</u>. The initial disclosures required by Fed. R. Civ. P. 26(a)(1) have been exchanged.

5. <u>AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES</u>. No additional motions for leave to amend the pleadings or to join other parties are necessary.

6. <u>EXPERT TESTIMONY</u>. The expert reports have been disclosed. <u>Please Note</u>: **All challenges to expert witnesses, including *Daubert* motions, must be filed in advance of the Final Pretrial Conference and not later than July 17, 2025.**

7. <u>SUPPLEMENTATION</u>. Supplementation of disclosures and responses as required by Fed. R. Civ. P. 26(e) have been accomplished.

8. <u>PRETRIAL DISCLOSURES</u>. The deadline for **disclosing** the information required by Fed. R. Civ. P. 26(a)(3) shall be **August 1, 2025**. Accordingly, with the extension of time for making these disclosures, the motion for an extension by Plaintiff (Doc. 68) is deemed **MOOT**.

9. <u>DISCOVERY LIMITS</u>. Discovery is limited as follows:[2]

    a. Interrogatory requests have been completed.

    b. Without objection from Defendant, Plaintiff may take an additional **fourteen (14) depositions**, limited in duration to a maximum of **seven (7) hours unless extended by agreement**.

---

[2] Those specific discovery issues identified by the parties in paragraph 4 of their Rule 26(f) report are the issues subject to discovery in this case. (Doc. 58, ¶ 4).

      c.    Requests for admissions have been completed.

      d.    Requests for production of documents have been completed. **Subpoenas *duces tecum* to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.**

In applying these limits, all parties represented by the same counsel will be treated as a single party.

    10.    <u>ELECTRONICALLY STORED INFORMATION ("ESI")</u>.  The parties have indicated that this case **could** include discovery of ESI and shall comply with the following protocol:

> When ESI is responsive to a discovery request or appropriately the subject of mandatory disclosure, the parties shall produce reasonably accessible ESI in hard copy, .tif, .pdf, or other electronic format, at the option of the producing party. If, however, a party identifies a specific concern about whether a particular item of ESI is authentic or has been altered, then the producing party, if possible, should produce that item of ESI in a form with related metadata, if any, unless the producing party obtains a protective order from the Court in which the Court relieves the producing party of this obligation. Any such production in that manner would be at the cost of the requesting party. For situations not covered by the language above, if an issue arises, the parties shall convene a conference to discuss ways to cooperate regarding the request so that the request will not create an undue burden on the party to which the request is directed.

At the parties' first inkling that there is any problem with ESI production, or a disagreement over the scope of ESI, they should advise Deputy Clerk Edwina Crawford, of the issue(s) and request a telephone conference with the undersigned.

11. <u>DISCOVERY MOTIONS</u>. The following requirements pertain to discovery motions filed in this Court:

    a. <u>Conferencing by Counsel</u>. Before either party moves this Court for an order based on discovery (other than disputes relating to confidentiality designations), the movant must request a conference with the Court. *See* FED. R. CIV. P. 16(b)(3)(B)(v). The movant may not file the discovery motion until the conference with the Court has concluded or, if the Court declines to hold a conference, until after the Court communicates its decision not to hold a conference. Neither party shall be deemed to have waived any rights or objections-including the right to file the motion in question with evidentiary support as necessary and appropriate-with respect to the disputed discovery because of the procedures set forth in this paragraph.

    b. <u>Time of Filing; Form</u>. When authorized by the undersigned, a motion for protective order pursuant to Fed. R. Civ. P. 26(c), a motion for physical and mental examination pursuant to Fed. R. Civ. P. 35(a), a motion to determine sufficiency pursuant to Fed. R. Civ. P. 36(a), and a motion to compel pursuant to Fed. R. Civ. P. 37 shall be brought on a schedule established after a conference with counsel. Any such motion shall quote <u>in full</u> (1) each interrogatory, request for admission or request for production to which the motion is addressed or otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as

stated by the opposing party. Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

        c.     <u>Time for Responses</u>. Unless within fourteen (14) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion. Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which their response is based.

        d.     <u>Privilege or Protection of Trial Preparation Materials</u>. The provisions of Fed. R. Civ. P. 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked. Fed. R. Civ. P. 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production. The "privilege log" shall, at a minimum, contain the facts suggested in paragraph N (pages 9-11) of the *Introduction to Civil Discovery Practice in the Southern District of Alabama*, Civil Practice Subcommittee (May 13, 2019) (distributed by the Clerk with the Local Rules).

    12.    <u>DISPOSITIVE MOTIONS</u>. A cutoff for filing dispositive motions has not been requested by the parties. Accordingly, the time for filing said motions has expired.

13.   SETTLEMENT/ADR.   An unsuccessful mediation was held on June 18, 2025.

14.   BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS.  Unless prior permission of the Court is given:

a.   Principal briefs filed in support of, or in opposition to, any motion shall not exceed thirty (30) pages in length and a reply brief by movant shall not exceed fifteen (15) pages in length.  Attachments to a brief do not count toward the page limitation.  *See* S.D. Ala. CivLR 7(e).

b.   An application to the Court for an order shall be by motion, not by letter.  *See* FED. R. CIV. P. 7(b).  Any objection or response to a motion or to any other matter is to be done in a properly styled and captioned paper, not by letter.

c.   Except as otherwise provided herein, courtesy copies of pleadings, motions or other papers filed in the action are not to be provided to the Judge or the Judge's Chambers.  A copy of a pleading, motion or other paper that has been previously filed in the action is not to be attached to a subsequently filed pleading, motion or other paper; it may be adopted by reference.  If a party's exhibits in support of or in opposition to a motion exceed 50 pages in the aggregate, then that party must deliver a courtesy hard copy of those exhibits to Chambers by mail or hand delivery.

d.   Papers transmitted to the Court by facsimile will not be accepted for filing.  A copy of this Court's policy regarding the faxing of

documents can be found on the Court's website, http://www.alsd.uscourts.gov.

15. <u>MODIFICATION OF FED. R. CIV. P. 16 ORDERS</u>. All parties are reminded that this scheduling order shall not be modified except upon a showing of good cause and by leave of Court. *Compare* FED. R. CIV. P. 16(b)(4) *with* S.D. Ala. CivLR 26(c). Establishing good cause generally requires a showing that the applicable deadline could not be met despite the diligence of the party seeking modification of the schedule, that is, a finding that the moving party lacked due diligence usually ends the inquiry into good cause. An order entered after the final pretrial conference shall be modified only to prevent manifest injustice. FED. R. CIV. P. 16(b) & (e).

16. <u>LOCAL RULES</u>. All parties are reminded that the Local Rules of this district contain important requirements concerning the commencement of discovery, motions to dismiss and for summary judgment, and other matters. They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Co.) but are amended from time to time. A current version may be obtained from the Clerk or downloaded from the Court's website, http://www.alsd.uscourts.gov.

As a general matter, Fed. R. Civ. P. 5(d) proscribes the filing of most discovery materials. Instead, whenever any discovery material is served, counsel shall contemporaneously file a notice with the Court identifying the date of service and the nature of the material. S.D. Ala. CivLR 5(b). In the event discovery materials are germane to any motion or response, only the

relevant portions of the material shall be filed with the motion or response. S.D. Ala. CivLR 5(a). Further, the custodian of any discovery material shall provide all other parties reasonable access to the material and an opportunity to duplicate the material at the expense of the copying party. S.D. Ala. CivLR 5(c). No other person may obtain a copy of any discovery material from its custodian except on motion and with leave of Court, upon payment of the expense of the copy. *Id.*

17.    SANCTIONS. The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall be deemed a failure to obey the scheduling order and shall subject said party or party's attorney to one or more of the sanctions authorized by Fed. R. Civ. P. 16(f).

18.    Qualified HIPAA Protective Order. The parties are hereby **GRANTED** the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 64.512(e)(1)(i). The parties are **EXPRESSLY PROHIBITED** from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the parties are **ORDERED** to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. *See* 45 C.F.R. §§ 163.502(b); 164.512(e)(1)(v).

**DONE** and **ORDERED** this the 23rd day of June, 2025.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**