### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| DONNA CHISESI, AS INDEPENDENT ADMINISTRATRIX OF THE ESTATE OF JONATHAN VICTOR, DECEASED, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MATTHEW HUNADY, )<br>)<br>Defendant. ) | CIVIL ACTION NO.:<br>1:19-cv-00221-C |

### ORDER

This cause is before the Court on the Motion to Allow Compilation Video as Illustrative Evidence (Doc. 94) filed by Defendant Matthew Hunady; Defendant Deputy Matthew Hunady's Motions in Limine (Doc. 97); Plaintiff's Response to Defendant's Motion in Limines [sic] (Doc. 105); Plaintiff's Motions in Limine (Doc. 99); and Defendant Deputy Matthew Hunady's Response to Plaintiff's Motions in Limine (Doc. 103). Upon consideration of the parties' briefs and the record, the undersigned finds as follows:

**I.  Defendant's Motion to Allow Compilation Video as Illustrative Evidence**

This motion is **GRANTED in part** and **DENIED in part**. The Defendant may use the compilation video during the trial, but the video will not be submitted to the jury for use during deliberations.

**II.  Defendant's Motions in Limine**

　　a.　Any testimony or evidence relating to the impact of Jonathan Victor's **death on Plaintiff Donna Chisesi**.

Defendant's first motion in limine is **GRANTED** for the reasons stated by Defendant in his motion and based on the fact that Plaintiff has no objection to granting Defendant's request.

**b.    Any evidence offered to prove or support a claim for compensatory damages.**

Defendant's second motion in limine is **DENIED**. The undersigned notes the dispute in the pretrial document regarding the character of damages available in a wrongful death action arising under the Fourth Amendment. The undersigned is persuaded by dicta in *Gilmere v. City of Atlanta, Ga.*, 864 F.2d 734 (11th Cir. 1989), which cites *Weeks v. Benton*, 649 F. Supp. 1297 (S.D. Ala. 1986), that there is an indication in the Eleventh Circuit that there is a disconnect in awarding compensatory damages under §§ 1983 and 1988 and Alabama wrongful death cases.

**c.    Any evidence offered about possible courses of conduct that Deputy Hunady elected not to pursue during the events made the basis of Plaintiff's Complaint and/or the propriety of the course of action he chose to pursue.**

Defendant's third motion in limine is **DENIED**. Based on the current record, the undersigned does not find the information in the pretrial document or the Defendant's motion suggest such evidence is unfairly prejudicial or will mislead the jury under Federal Rule of Evidence 403.

**d.    Any evidence of Jonathan Victor's personal, social, and/or family life.**

Defendant's fourth motion in limine is **DENIED**. The undersigned agrees such evidence is probative of the loss suffered by the estate of Jonathan Victor. The current information before the undersigned does not support the argument that this type of evidence is unfairly prejudicial under Fed. R. Evid. 403.

      e. **Any photos of videos of Jonathan Victor's medical care or treatment.**

Defendant's fifth motion in limine is **DENIED** with the caveat that the undersigned instructed such evidence be limited to only a reasonable, necessary number of photos and/or videos.

    **III.**    **Plaintiff's Motions in Limine**

      a.    **Audio portions of any videos of the civilian witnesses to the event are inadmissible.**

Plaintiff's first motion in limine is **DENIED** for the reasons given by counsel for Defendant in Defendant's response (Doc. 103).

      b.    **Pictures or testimony of Deputy Hunady rendering aid to Mr. Victor after the shooting occurred are irrelevant.**

Plaintiff's second motion in limine is **DENIED** for the reasons given by counsel for Defendant in Defendant's response (Doc. 103).

      c.    **Conclusory opinions and speculative assertions by lay witnesses regarding Mr. Victor's actions are inadmissible.**

Plaintiff's third motion in limine is **DENIED**. The undersigned agrees that at this point in the case, the undersigned cannot grant a general motion to exclude speculative testimony of eyewitnesses.

    **IV.**    **Plaintiff's Motion to Substitute Plaintiff's Trial Exhibit List**

Plaintiff's motion (Doc. 104) is **GRANTED** without objection.

**DONE AND ORDERED** this the 8th day of September, 2025.

                                  s/WILLIAM E. CASSADY
                                  **UNITED STATES MAGISTRATE JUDGE**