# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **DONNA CHISESI, AS INDEPENDENT**<br>**ADMINISTRATRIX OF THE ESTATE**<br>**OF JONATHAN VICTOR, DECEASED,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| **v.** ) ) | **CIVIL ACTION NO.:**<br>**1:19-cv-00221-C** |
| **MATTHEW HUNADY,** ) ) | |
| **Defendant.** ) | |

## FINAL INSTRUCTIONS TO THE JURY

**MEMBERS OF THE JURY:**

NOW THAT THE EVIDENCE IN THIS CASE HAS BEEN PRESENTED, THE TIME HAS COME FOR ME TO INSTRUCT YOU ON THE LAW. MY INSTRUCTIONS WILL BE IN THREE PARTS: FIRST, SOME INSTRUCTIONS ON GENERAL RULES SETTING OUT THE JURY'S DUTIES; SECOND, THE INSTRUCTIONS THAT STATE THE RULES OF LAW YOU MUST APPLY; AND THIRD, SOME RULES AND GUIDELINES FOR YOUR DELIBERATIONS.

IN DEFINING THE DUTIES OF THE JURY, LET ME FIRST REMIND YOU OF A FEW GENERAL RULES:

IT IS YOUR DUTY TO FIND THE FACTS FROM ALL THE EVIDENCE IN THE CASE. IT IS MY DUTY TO TELL YOU WHAT THE LAW IS, AND ALL OF US ARE

SWORN TO FOLLOW IT. YOU MUST FOLLOW THE LAW AS I GIVE IT TO YOU, WHETHER YOU AGREE WITH IT OR NOT. IF IT IS WRONG, IT IS UP TO CONGRESS OR A HIGHER COURT TO CORRECT, NOT US. AND YOU MUST DO YOUR DUTY AS JURORS REGARDLESS OF ANY PERSONAL LIKES OR DISLIKES, OPINIONS, PREJUDICES OR SYMPATHY. OUR SYSTEM OF JUSTICE DOES NOT PERMIT JURORS TO BE GOVERNED BY PREJUDICE OR SYMPATHY OR PUBLIC OPINION. THAT MEANS THAT YOU MUST DECIDE THE CASE SOLELY ON THE EVIDENCE BEFORE YOU, AND THE LAW WHICH THE COURT TELLS YOU.

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE. THE LAW IS NO RESPECTER OF PERSONS, AND ALL PERSONS STAND EQUAL BEFORE THE LAW AND ARE TO BE DEALT WITH AS EQUALS IN A COURT OF JUSTICE.

IN FOLLOWING MY INSTRUCTIONS, YOU MUST FOLLOW ALL OF THEM AND NOT SINGLE OUT SOME AND IGNORE OTHERS; THEY ARE ALL EQUALLY IMPORTANT. AND YOU MUST NOT READ INTO THESE INSTRUCTIONS, OR INTO ANYTHING I MAY HAVE SAID OR DONE, ANY SUGGESTION FROM ME AS TO WHAT VERDICT YOU SHOULD RETURN—THAT IS A MATTER ENTIRELY UP TO YOU.

THE PLAINTIFF HAS THE BURDEN OF PROVING EACH ELEMENT OF HER CASE BY A PREPONDERANCE OF THE EVIDENCE. THAT MEANS THAT PLAINTIFF

HAS TO PRODUCE EVIDENCE WHICH, CONSIDERED IN THE LIGHT OF ALL THE FACTS, LEADS YOU TO BELIEVE WHAT PLAINTIFF CLAIMS IS MORE LIKELY TRUE THAN NOT. TO PUT IT DIFFERENTLY, IF YOU WERE TO PUT THE PLAINTIFF'S AND DEFENDANT'S EVIDENCE ON OPPOSITE SIDES OF THE SCALES, PLAINTIFF WOULD HAVE TO MAKE THE SCALES TIP SLIGHTLY ON HER SIDE. IF PLAINTIFF FAILS TO MEET THAT BURDEN ON ANY ESSENTIAL ELEMENT OF HER CLAIM, THE VERDICT MUST BE FOR THE DEFENDANT.

THOSE OF YOU WHO HAVE SAT ON CRIMINAL CASES WILL HAVE HEARD OF PROOF BEYOND A REASONABLE DOUBT. THAT REQUIREMENT DOES NOT APPLY TO A CIVIL CASE AND YOU SHOULD THEREFORE PUT IT OUT OF YOUR MIND. REMEMBER, PLAINTIFF OR DEFENDANT JUST HAS TO TIP THE SCALES SLIGHTLY HIS WAY.

NEXT, I WANT TO REMIND YOU GENERALLY WHAT WE MEAN BY EVIDENCE, AND HOW YOU SHOULD CONSIDER IT.

THE EVIDENCE FROM WHICH YOU ARE TO DECIDE WHAT THE FACTS ARE COMES IN ONE OF TWO FORMS IN THIS CASE:

FIRST, THERE IS THE SWORN TESTIMONY OF WITNESSES, BOTH ON DIRECT AND CROSS-EXAMINATION, REGARDLESS OF WHO CALLED THE WITNESS.

SECOND, THERE ARE THE EXHIBITS WHICH THE COURT HAS RECEIVED INTO THE TRIAL RECORD.

CERTAIN THINGS ARE NOT EVIDENCE AND ARE TO BE DISREGARDED IN DECIDING WHAT THE FACTS ARE:

1.    ARGUMENTS OR STATEMENTS BY THE PARTIES' ATTORNEYS ARE NOT EVIDENCE.

2.    THE QUESTIONS TO WITNESSES ARE NOT EVIDENCE. THEY CAN BE CONSIDERED ONLY TO GIVE MEANING TO THE WITNESS' ANSWER.

3.    OBJECTIONS TO QUESTIONS AND ARGUMENTS ARE NOT EVIDENCE. ATTORNEYS HAVE A DUTY TO THEIR CLIENT TO OBJECT WHEN THEY BELIEVE A QUESTION IS IMPROPER UNDER THE RULES OF EVIDENCE. YOU SHOULD NOT BE INFLUENCED BY THE OBJECTION OR BY THE COURT'S RULING ON IT. IF THE OBJECTION WAS SUSTAINED, IGNORE THE QUESTION; IF IT WAS OVERRULED, TREAT THE ANSWER LIKE ANY OTHER ANSWER. IF YOU ARE INSTRUCTED THAT SOME ITEM OF EVIDENCE IS RECEIVED FOR A LIMITED PURPOSE ONLY, YOU MUST FOLLOW THAT INSTRUCTION.

4.    TESTIMONY THAT THE COURT HAS EXCLUDED OR TOLD YOU TO DISREGARD IS NOT EVIDENCE AND MUST NOT BE CONSIDERED.

5.    ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE.

I HAVE TOLD YOU ABOUT THE FORMS IN WHICH EVIDENCE COMES TO YOU IN THIS CASE: TESTIMONY AND EXHIBITS. THERE ARE TWO KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL. DIRECT EVIDENCE IS DIRECT PROOF OF A FACT. DIRECT EVIDENCE IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT. IF A WITNESS TESTIFIED THAT "I SAW A RABBIT," THAT IS DIRECT EVIDENCE. CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES FROM WHICH YOU COULD INFER OR CONCLUDE, BASED ON REASON AND COMMON SENSE, THAT A FACT EXISTS, EVEN THOUGH IT HAS NOT BEEN PROVED DIRECTLY. IF A WITNESS TESTIFIED "I KNOW THERE WAS A RABBIT THERE BECAUSE THERE WERE RABBIT TRACKS IN THE FRESH SNOW," THAT WOULD BE CIRCUMSTANTIAL. YOU ARE ENTITLED TO CONSIDER BOTH KINDS OF EVIDENCE.

THE WORD INFER—OR THE EXPRESSION TO DRAW AN INFERENCE— MEANS TO FIND THAT ONE FACT EXISTS BASED ON PROOF OF ANOTHER FACT. FOR EXAMPLE, IF YOU SEE WATER ON THE STREET OUTSIDE YOUR WINDOW, YOU CAN INFER THAT IT HAS RAINED. IN OTHER WORDS, THE FACT OF RAIN IS

AN INFERENCE THAT COULD BE DRAWN FROM THE PRESENCE OF WATER ON THE STREET. OTHER FACTS MAY, HOWEVER, EXPLAIN THE PRESENCE OF WATER WITHOUT RAIN. THEREFORE, IN DECIDING WHETHER TO DRAW AN INFERENCE, YOU MUST LOOK AT AND CONSIDER ALL THE FACTS IN THE LIGHT OF REASON, COMMON SENSE AND EXPERIENCE. AFTER YOU HAVE DONE THAT, THE QUESTION WHETHER TO DRAW A PARTICULAR INFERENCE IS FOR THE JURY TO DECIDE.

IN DECIDING WHAT THE FACTS ARE, YOU MUST CONSIDER ALL THE EVIDENCE THAT HAS BEEN OFFERED. I DO NOT MEAN BY THIS THAT YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE. YOU SHOULD DECIDE WHETHER YOU BELIEVE WHAT EACH WITNESS HAD TO SAY, AND HOW IMPORTANT THAT TESTIMONY WAS. IN DOING THIS, YOU MUST DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE. IN MAKING THAT DECISION, THERE ARE A NUMBER OF FACTORS YOU MAY TAKE INTO ACCOUNT, INCLUDING THE FOLLOWING:

1.    THE WITNESS' OPPORTUNITY TO OBSERVE OR ACQUIRE KNOWLEDGE CONCERNING THE EVENTS HE DESCRIBED.

2.    THE WITNESS' INTELLIGENCE, CANDOR AND MEMORY.

3.    THE WITNESS' MANNER OR DEMEANOR WHILE TESTIFYING.

6

4.    WHETHER THE WITNESS HAS ANY INTEREST IN THE OUTCOME OF
THIS CASE OR ANY BIAS OR PREJUDICE CONCERNING ANY PARTY
OR ANY MATTER INVOLVED IN THIS CASE.

5.    WHETHER THE WITNESS' TESTIMONY IS REASONABLE
CONSIDERED IN LIGHT OF ALL THE EVIDENCE IN THE CASE.

YOU HAVE HEARD TESTIMONY FROM LAY WITNESSES AND EXPERT
WITNESSES. AN EXPERT WITNESS IS ONE WHO BY EDUCATION, TRAINING
AND/OR EXPERIENCE HAS ATTAINED SUCH SKILL, KNOWLEDGE, OR
EXPERIENCE OF SOME SCIENCE, PROFESSION, BUSINESS OR OCCUPATION,
NOT OF COMMON KNOWLEDGE TO THE AVERAGE LAYMAN. EXPERT
WITNESSES ARE ALLOWED TO TESTIFY TO HELP YOU UNDERSTAND THE
EVIDENCE OR DECIDE FACTS. YOU ARE TO CONSIDER THE EXPERTS'
TESTIMONY TOGETHER WITH ALL OTHER EVIDENCE IN THIS CASE. BUT YOU DO
NOT HAVE TO ACCEPT HIS OPINIONS AND TESTIMONY JUST BECAUSE HE IS AN
EXPERT. YOU DETERMINE HIS CREDIBILITY JUST LIKE YOU DETERMINE THE
CREDIBILITY OF THE OTHER WITNESSES.

A WITNESS MAY BE DISCREDITED OR IMPEACHED BY CONTRADICTORY
EVIDENCE; OR BY EVIDENCE THAT AT SOME OTHER TIME THE WITNESS HAS

SAID OR DONE SOMETHING, OR HAS FAILED TO SAY OR DO SOMETHING, WHICH IS INCONSISTENT WITH THE WITNESS' PRESENT TESTIMONY.

YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE THAT A WITNESS TESTIFIED FALSELY ABOUT AN IMPORTANT FACT. AND ASK WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME A WITNESS SAID OR DID SOMETHING, OR DIDN'T SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY THE WITNESS GAVE DURING THIS TRIAL. BUT YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT. PEOPLE NATURALLY TEND TO FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU MUST DECIDE WHETHER THAT MISSTATEMENT WAS SIMPLY AN INNOCENT LAPSE OF MEMORY OR AN INTENTIONAL FALSEHOOD; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

YOU MAY CONSIDER THE FACTORS I HAVE DISCUSSED IN DECIDING HOW MUCH WEIGHT TO GIVE THE TESTIMONY. REMEMBER THAT THE WEIGHT OF EVIDENCE DOES NOT NECESSARILY TURN ON THE NUMBER OF WITNESSES TESTIFYING ON ONE SIDE OR THE OTHER. YOU MUST CONSIDER ALL THE EVIDENCE IN THE CASE, AND YOU MAY FIND THE TESTIMONY OF A SMALLER NUMBER OF WITNESSES ON ONE SIDE MORE BELIEVABLE THAN THAT OF A

LARGER NUMBER ON THE OTHER. WEIGH THE TESTIMONY IN THE LIGHT OF YOUR COMMON OBSERVATION AND EXPERIENCE AND REACH A VERDICT THAT WILL BE BASED UPON THE TRUTH AS YOU DETERMINE IT FROM ALL OF THE EVIDENCE.

ALL OF THESE ARE MATTERS FOR YOU TO CONSIDER IN FINDING THE FACTS.

DONNA CHISESI, THE PERSONAL REPRESENTATIVE OF THE ESTATE OF JONATHAN VICTOR, BRINGS A CLAIM AGAINST DEFENDANT MATTHEW HUNADY UNDER SECTION 1983 OF THE CIVIL RIGHTS ACT ALLEGING THAT DEPUTY HUNADY USED EXCESSIVE FORCE AGAINST JONATHAN VICTOR IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION. TO THIS COMPLAINT THE DEFENDANT HAS ANSWERED THAT HE IS NOT LIABLE. THE PLAINTIFF HAS THE BURDEN OF PROOF TO REASONABLY SATISFY YOU BY THE EVIDENCE OF THE TRUTHFULNESS OF THE CLAIM MADE BY HER BEFORE THE PLAINTIFF WOULD BE ENTITLED TO RECOVER.

IN THIS CASE, PLAINTIFF DONNA CHISESI ALLEGES THAT DEFENDANT MATTHEW HUNADY, WHILE ACTING UNDER COLOR OF LAW, VIOLATED THE CONSTITUTIONAL RIGHT OF HER DECEDENT, JONATHAN VICTOR, TO BE FREE FROM EXCESSIVE OR UNREASONABLE FORCE BY LAW ENFORCEMENT. PLAINTIFF ONLY CHALLENGES THE CONDUCT OF DEFENDANT HUNADY.

TO SUCCEED ON HER CLAIM, PLAINTIFF DONNA CHISESI MUST PROVE

EACH OF THE FOLLOWING FACTS BY A PREPONDERANCE OF THE EVIDENCE:

FIRST:     THAT DEPUTY HUNADY INTENTIONALLY
           COMMITTED ACTS THAT VIOLATED
           JONATHAN VICTOR'S CONSTITUTIONAL
           RIGHT;

SECOND:    THAT DEPUTY HUNADY'S ACTS WERE THE
           PROXIMATE OR LEGAL CAUSE OF
           DAMAGES SUSTAINED BY JONATHAN
           VICTOR; AND

THIRD:     THAT IN SO DOING, DEPUTY HUNADY
           ACTED "UNDER COLOR" OF THE
           AUTHORITY OF THE STATE OF ALABAMA.

FOR THE FIRST ELEMENT, YOU MUST DECIDE WHETHER DEFENDANT

HUNADY VIOLATED A CONSTITUTIONAL RIGHT. PLAINTIFF DONNA CHISESI

ALLEGES THAT DEFENDANT HUNADY VIOLATED THE FOURTH AMENDMENT

RIGHT OF HER DECEDENT, JONATHAN VICTOR, TO BE FREE FROM EXCESSIVE

FORCE BY A LAW ENFORCEMENT OFFICER. DEFENDANT HUNADY DENIES THAT

THE FORCE HE USED WAS EXCESSIVE UNDER THE CIRCUMSTANCES.

THE FOURTH AMENDMENT ALLOWS LAW ENFORCEMENT OFFICERS TO

USE FORCE THAT IS OBJECTIVELY REASONABLE IN THE SITUATION AT HAND,

AND THIS INCLUDES DEADLY FORCE. IN ASSESSING WHETHER AN OFFICER

ACTED REASONABLY IN USING FORCE, YOU MUST CONSIDER THE TOTALITY OF

THE CIRCUMSTANCES. THIS MEANS YOU SHOULD CONSIDER ALL RELEVANT

FACTS AND EVENTS, INCLUDING THOSE LEADING UP TO AND THE USE OF

FORCE – NOT JUST WHAT OCCURRED AT THE PRECISE MOMENT OF THE USE OF FORCE. IN THIS ANALYSIS, YOU MAY CONSIDER THE FOLLOWING FACTORS: (1) WHETHER A SUSPECT POSED AN IMMEDIATE AND VIOLENT THREAT TO OTHERS, (2) THE CRIME'S SEVERITY, (3) WHETHER THE SUSPECT RESISTED OR FLED THE OFFICER, (4) THE NEED FOR APPLICATION OF FORCE, (5) THE RELATIONSHIP BETWEEN THE NEED FOR FORCE AND THE AMOUNT OF FORCE USED, AND (6) THE EXTENT OF THE INJURY INFLICTED. IN YOUR DELIBERATION, YOU MAY CONSIDER AS MANY OR AS FEW OF THESE FACTORS AS YOU WISH: NONE OF THEM ARE INDIVIDUALLY DETERMINATIVE. DEFENDANT HUNADY'S PERSONAL INTENT, MOTIVATION, OR SUBJECTIVE FEELINGS ARE IRRELEVANT AND SHOULD HAVE NO ROLE IN YOUR OBJECTIVE ANALYSIS.

NOT EVERY USE OF FORCE BY A LAW ENFORCEMENT OFFICER VIOLATES THE FOURTH AMENDMENT, EVEN IF THE BENEFIT OF HINDSIGHT MIGHT SUGGEST THERE WERE OTHER OPTIONS. THEREFORE, WHEN CONDUCTING THE ANALYSIS AS TO THE OBJECTIVE REASONABLENESS OF FORCE, YOU MUST SEE THE SITUATION FROM THE PERSPECTIVE OF A REASONABLE OFFICER ON THE SCENE AND YOU MAY NOT RELY ON THE 20/20 VISION OF HINDSIGHT. YOUR REASONABLENESS INQUIRY MUST ALLOW FOR THE FACT THAT LAW ENFORCEMENT OFFICERS ARE OFTEN FORCED TO MAKE SPLIT-SECOND JUDGMENTS WITH LIMITED INFORMATION IN CIRCUMSTANCES THAT ARE TENSE, UNCERTAIN, AND RAPIDLY EVOLVING.

11

THE ONLY QUESTION BEFORE YOU IS THE OBJECTIVE REASONABLENESS OF DEFENDANT HUNADY'S USE OF FORCE IN THE CIRCUMSTANCES AT HAND. IF YOU FIND THAT PLAINTIFF DONNA CHISESI HAS SHOWN BY A PREPONDERANCE OF THE EVIDENCE THAT THE ACTUAL FORCE USED BY DEFENDANT MATTHEW HUNADY WAS OBJECTIVELY UNREASONABLE IN LIGHT OF THE TOTALITY OF THE CIRCUMSTANCES AS THEY WERE KNOWN TO HIM, THEN YOU MUST RETURN A VERDICT IN PLAINTIFF CHISESI'S FAVOR. IF YOU FIND THAT PLAINTIFF CHISESI HAS NOT SHOWN BY A PREPONDERANCE OF THE EVIDENCE THAT THE ACTUAL FORCE USED BY DEFENDANT HUNADY WAS OBJECTIVELY UNREASONABLE IN LIGHT OF THE TOTALITY OF THE CIRCUMSTANCES AS THEY WERE THEN KNOWN TO HIM, THEN YOU MUST RETURN A VERDICT IN DEFENDANT HUNADY'S FAVOR.

FOR THE SECOND ELEMENT, THE PARTIES HAVE AGREED THAT DEFENDANT HUNADY'S ACTIONS WERE THE PROXIMATE OR LEGAL CAUSE OF THE DAMAGES SUSTAINED BY PLAINTIFF'S DECEDENT, JONATHAN VICTOR, AND SO YOU SHOULD ACCEPT THAT AS A PROVEN FACT.

FOR THE THIRD ELEMENT, THE PARTIES HAVE AGREED THAT DEFENDANT HUNADY ACTED UNDER COLOR OF LAW AT ALL TIMES DURING THE INCIDENT MADE THE BASIS OF THIS LAWSUIT AND SO YOU SHOULD ACCEPT THAT AS A PROVEN FACT.

12

IF YOU FIND PLAINTIFF DONNA CHISESI HAS PROVEN EACH FACT, YOU MUST DECIDE THE ISSUE OF HER DAMAGES. IF YOU FIND THAT MS. CHISESI HAS NOT PROVEN EACH OF THESE FACTS, THEN YOU MUST FIND FOR DEPUTY HUNADY.

YOU SHOULD ASSESS THE MONETARY AMOUNT THAT A PREPONDERANCE OF THE EVIDENCE JUSTIFIES AS FULL AND REASONABLE COMPENSATION FOR ALL OF DECEDENT JONATHAN VICTOR'S DAMAGES – NO MORE, NO LESS. YOU MUST NOT IMPOSE OR INCREASE THESE COMPENSATORY DAMAGES TO PUNISH OR PENALIZE DEFENDANT MATTHEW HUNADY. AND YOU MUST NOT BASE THESE COMPENSATORY DAMAGES ON SPECULATION OR GUESSWORK. BUT COMPENSATORY DAMAGES ARE NOT RESTRICTED TO ACTUAL LOSS OF MONEY – THEY ALSO COVER THE PHYSICAL ASPECTS OF THE INJURY. PLAINTIFF DONNA CHISESI DOES NOT HAVE TO INTRODUCE EVIDENCE OF A MONETARY VAUE FOR INTANGIBLE THINGS LIKE PHYSICAL PAIN. YOU MUST DETERMINE WHAT AMOUNT WILL FAIRLY COMPENSATE HER, ON BEHALF OF THE DECEDENT JONATHAN VICTOR, FOR THOSE CLAIMS. THERE IS NO EXACT STANDARD TO APPLY, BUT THE AWARD SHOULD BE FAIR IN LIGHT OF THE EVIDENCE.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGES, TO THE EXTENT YOU FIND THAT PLAINTIFF DONNA CHISESI, ON BEHALF OF

DECEDENT JONATHAN VICTOR, HAS PROVED THEM BY A PREPONDERANCE OF THE EVIDENCE, AND NO OTHERS:

    (A) THE REASONABLE VALUE OF MEDICAL CARE AND SUPPLIES THAT DECEDENT JONATHAN VICTOR REASONABLY NEEDED AND ACTUALLY OBTAINED;

    (B) THE PHYSICAL INJURIES, INCLUDING PHYSICAL PAIN AND SUFFERING, THAT THE DECEDENT JONATHAN VICTOR EXPERIENCED; AND

    (C) FUNERAL EXPENSES.

OF COURSE, THE FACT THAT I HAVE GIVEN YOU INSTRUCTIONS CONCERNING THE ISSUE OF PLAINTIFF DONNA CHISESI'S DAMAGES SHOULD NOT BE INTERPRETED IN ANY WAY AS AN INDICATION THAT I BELIEVE THAT THE PLAINTIFF SHOULD, OR SHOULD NOT, PREVAIL IN THIS CASE. INSTRUCTIONS AS TO THE MEASURE OF DAMAGES ARE GIVEN FOR YOUR GUIDANCE IN THE EVENT YOU SHOULD FIND IN FAVOR OF PLAINTIFF IN ACCORDANCE WITH THE OTHER INSTRUCTIONS I HAVE GIVEN YOU.

I WILL NOW SAY A FEW WORDS ABOUT YOUR DELIBERATIONS.

FIRST, KEEP IN MIND THAT NOTHING I HAVE SAID IN THESE INSTRUCTIONS IS INTENDED TO SUGGEST TO YOU IN ANY WAY WHAT I THINK YOUR VERDICT SHOULD BE. THAT IS ENTIRELY FOR YOU TO DECIDE.

WHEN YOU RETIRE, IT IS YOUR DUTY TO DISCUSS THE CASE WITH YOUR FELLOW JURORS FOR THE PURPOSE OF REACHING AGREEMENT IF YOU CAN DO SO. YOUR VERDICT MUST BE UNANIMOUS.

EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER CONSIDERING ALL THE EVIDENCE, LISTENING TO THE VIEWS OF YOUR FELLOW JURORS, AND DISCUSSING IT FULLY WITH THE OTHER JURORS.

DON'T BE AFRAID TO CHANGE YOUR OPINION IF YOU THINK YOU ARE WRONG. BUT DON'T COME TO YOUR DECISION SIMPLY BECAUSE OTHER JURORS THINK IT IS RIGHT.

AGAIN, DURING YOUR DELIBERATIONS, YOU MUST NOT COMMUNICATE WITH OR PROVIDE ANY INFORMATION TO ANYONE BY ANY MEANS ABOUT THIS CASE. YOU MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA, SUCH AS A TELEPHONE, CELL PHONE, SMART PHONE, IPHONE, BLACKBERRY, OR COMPUTER; THE INTERNET, ANY INTERNET SERVICE, OR ANY TEXT OR INSTANT MESSAGING SERVICE; OR ANY INTERNET CHAT ROOM, BLOG, WEBSITE OR APP, SUCH AS FACEBOOK, MYSPACE, LINKEDIN, YOUTUBE, OR X, TO COMMUNICATE

TO ANYONE ANY INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY RESEARCH ABOUT THIS CASE UNTIL I ACCEPT YOUR VERDICT. YOU MAY NOT USE ANY SIMILAR TECHNOLOGY OF SOCIAL MEDIA, EVEN IF I HAVE NOT SPECIFICALLY MENTIONED IT HERE. IN OTHER WORDS, YOU CANNOT TALK TO ANYONE ON THE PHONE, CORRESPOND WITH ANYONE, OR ELECTRONICALLY COMMUNICATE WITH ANYONE ABOUT THIS CASE. YOU CAN ONLY DISCUSS THE CASE IN THE JURY ROOM WITH YOUR FELLOW JURORS DURING DELIBERATIONS. IT IS MY EXPECTATION THAT YOU WILL INFORM ME AS SOON AS YOU BECOME AWARE OF ANOTHER JUROR'S VIOLATION OF THESE INSTRUCTIONS.

YOU MAY NOT USE THESE ELECTRONIC MEANS TO INVESTIGATE OR COMMUNICATE ABOUT THE CASE BECAUSE IT IS IMPORTANT THAT YOU DECIDE THIS CASE BASED SOLELY ON THE EVIDENCE PRESENTED IN THIS COURTROOM. INFORMATION ON THE INTERNET OR AVAILABLE THROUGH SOCIAL MEDIA MIGHT BE WRONG, INCOMPLETE, OR INACCURATE. YOU ARE ONLY PERMITTED TO DISCUSS THE CASE WITH YOUR FELLOW JURORS DURING DELIBERATIONS BECAUSE THEY HAVE SEEN AND HEARD THE SAME EVIDENCE YOU HAVE. IN OUR JURDICIAL SYSTEM, IT IS IMPORTANT THAT YOU ARE NOT INFLUENCED BY ANYTHING OR ANYONE OUTSIDE OF THIS COURTROOM. OTHERWISE, YOUR DECISION MAY BE BASED ON INFROMATION KNOWN ONLY BY YOU AND NOT YOUR FELLOW JURORS OR THE PARTIES IN THE CASE. THIS WOULD UNFAIRLY AND ADVERSELY IMPACT THE JUDICIAL PROCESS. IF A

JUROR VIOLATES THESE RESTRICTIONS, IT COULD CAUSE A MISTRIAL, WHICH WOULD REQUIRE THE ENTIRE TRIAL PROCESS TO START OVER.

THIS CASE HAS TAKEN A GREAT DEAL OF TIME AND EFFORT TO PREPARE AND TRY. THERE IS NO REASON TO THINK THAT IT COULD BE BETTER TRIED OR THAT ANOTHER JURY IS BETTER QUALIFIED TO DECIDE IT. IT IS IMPORTANT THAT YOU REACH A VERDICT IF YOU CAN DO SO CONSCIENTIOUSLY. IF IT LOOKS AT SOME POINT THAT YOU MAY HAVE DIFFICULTY IN REACHING A UNANIMOUS VERDICT, AND IF MOST OF YOU ARE AGREED ON A VERDICT, THE OTHER JURORS MAY WANT TO ASK THEMSELVES ABOUT THE BASIS FOR THEIR FEELINGS WHEN A SUBSTANTIAL NUMBER HAVE REACHED A DIFFERENT CONCLUSION. FEEL FREE TO RECONSIDER YOUR VIEWS FROM TIME TO TIME AND TO CHANGE THEM IF YOU ARE PERSUADED THAT YOU SHOULD.

IT IS IMPORTANT THAT YOU ATTEMPT TO RETURN A VERDICT BUT, OF COURSE, ONLY IF EACH OF YOU CAN DO SO AFTER HAVING MADE HIS OR HER OWN CONSCIENTIOUS DETERMINATION. DON'T SURRENDER AN HONEST CONVICTION AS TO THE WEIGHT AND EFFECT OF THE EVIDENCE JUST TO REACH A VERDICT.

REMEMBER THAT YOUR VERDICT MUST BE BASED SOLELY ON THE EVIDENCE IN THE CASE, NOT ON ANYTHING ELSE.

REMEMBER ALSO THAT OPENING STATEMENTS, CLOSING ARGUMENTS, WHICH YOU ARE ABOUT TO HEAR, AND OTHER STATEMENTS OR ARGUMENTS OF COUNSEL ARE NOT EVIDENCE.  IF YOUR RECOLLECTION OF THE FACTS DIFFERS FROM THE WAY COUNSEL HAS STATED THEM, THEN YOUR RECOLLECTION CONTROLS.

SOME OF YOU MIGHT HAVE TAKEN NOTES DURING THE TRIAL. REMEMBER THAT THE NOTES ARE ONLY FOR THE PERSONAL USE OF THE PERSON WHO TOOK THEM.  THEY ARE NOT TO BE READ OR GIVEN TO OTHERS, BUT RATHER USED BY YOU FOR DISCUSSION PURPOSES DURING DELIBERATIONS.

AS YOU LEAVE THIS COURTROOM AND GO TO THE JURY ROOM, YOU SHOULD FIRST SELECT ONE OF THE MEMBERS OF THE JURY TO ACT AS YOUR PRESIDING JUROR WHO WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

THE COURT HAS PREPARED A VERDICT FORM WITH ADDITIONAL QUESTIONS FOR YOUR CONVENIENCE.

IF YOU ARRIVE AT A UNANIMOUS VERDICT IN THE CASE, YOU MUST RETURN THE VERDICT ON THE FORM I GIVE YOU.  JUST FILL IN THE BLANKS

(PLEASE DO NOT WRITE US ANY NOTES OR EXPLANATIONS ON THE FORM). ALL WE NEED IS YOUR VERDICT.

IF YOU NEED TO COMMUNICATE WITH THE COURT DURING YOUR DELIBERATIONS, PLEASE DO IT IN WRITING ON ONE OF THE BLANK NOTE FORMS THE CLERK WILL GIVE YOU. WE WILL RESPOND AS SOON AS POSSIBLE, BUT THERE MIGHT BE A SLIGHT DELAY, SINCE THE LAWYERS AND I WILL DISCUSS YOUR NOTE BEFORE REPLYING.

HAVING GIVEN YOU THESE INSTRUCTIONS, I WILL NOW ALLOW THE PARTIES TO MAKE CLOSING ARGUMENTS.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **DONNA CHISESI as independent** ) | |
| **Administratrix of the Estate of** ) | |
| **Jonathan Victor, Deceased,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.: 1:19-cv-00221-C** |
| **v.** ) | |
| ) | |
| **MATTHEW HUNADY, in his** ) | |
| **individual capacity,** ) | |
| ) | |
| **Defendant.** ) | |

## VERDICT AND SPECIAL INTERROGATORIES

### VERDICT FORM

#### Instructions to the Jury:

Please answer the following questions by checking the appropriate box. Your answers must be unanimous and should reflect your findings based solely on the evidence presented and the instructions of law provided by the Court.

1. Do you find by a preponderance of the evidence that Defendant Matthew Hunady intentionally committed acts that violated Jonathan Victor's constitutional right not to be subjected to excessive or unreasonable force during the incident on May 12, 2017?

   ☐ Yes
   ☒ No

   *If you answered "No," skip to the end and sign the verdict form. If you answered "Yes," proceed to the next question.*

1

2. Do you find that the Estate of Jonathan Victor should be awarded compensatory damages?

Answer Yes or No _____

If your answer is "Yes," in what amount?

$_____

SO SAY WE ALL.

SIGNATURE

Presiding Juror:
Date: 9-12-25

**FILED IN OPEN COURT**

SEP 12 2025

Michelle Henken

**CHRISTOPHER EKMAN**
CLERK

2

## SPECIAL INTERROGATORIES

1. Was Deputy Hunady informed that Johnathan Victor was possibly armed with a weapon?

   ☐ Yes

   ☐ No

2. Did Mr. Victor get out of his car in an aggressive manner?

   ☐ Yes

   ☐ No

3. Were Mr. Victor's hands covered in a way that obscured what he was holding in his hands?

   ☐ Yes

   ☐ No

4. Was Mr. Victor standing in a manner that could appear to be a shooter-type stance?

   ☐ Yes

   ☐ No

5. Did Mr. Victor fail to comply with Deputy Hunady's commands to stop his advance?

   ☐ Yes

   ☐ No

6. Did Mr. Victor verbally refuse to drop what he was holding in his hands?

   ☐ Yes

   ☐ No

7. Did Mr. Victor fail to comply with Deputy Hunady's commands to drop what he was holding in his hands?

   ☐ Yes

   ☐ No

3

8. Do you find that Deputy Hunady perceived that Mr. Victor posed an imminent threat of serious physical harm to himself or others when he used deadly force?

☐ Yes

☐ No

SO SAY WE ALL.

SIGNATURE

Presiding Juror: _____

Date: _____

4