IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DONNA CHISESI as Independent Administratrix of the Estate of Jonathan Victor, Deceased,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| ) | **Case No.: 1:19-cv-00221-C** |
| v. ) ) | |
| **MATTHEW HUNADY, in his individual capacity,** ) ) ) | |
| **Defendant.** ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR A NEW TRIAL**

COMES NOW, Defendant Matthew Hunady and submits his Response in Opposition to Plaintiff's Motion for a New Trial as follows:

**ARGUMENT**

Plaintiff has moved for a new trial based on two alleged evidentiary errors related to witness Graciela Zaragoza, who testified during Defendant's case in chief. First, Plaintiff contends this Court erroneously admitted audio from a cell phone video recorded by Zaragoza at the time of the shooting. Second, Plaintiff challenges this Court's admission of portions of Zaragoza's video deposition, played at trial in lieu of live testimony. Specifically, Plaintiff complains that both forms of evidence improperly included Zaragoza's personal perceptions regarding the events surrounding the shooting. Plaintiff, however, is entitled to a new trial only by showing that the admission of this evidence did more than constitute mere error—but that it caused "substantial prejudice," meaning it

1

affected Plaintiff's "substantial rights" or resulted in "substantial injustice." *Mighty v. Miami-Dade County*, No. 19-15052, 2021 WL 4022616, at *4 (11th Cir. Sept. 3, 2021) (citing *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1162 (11th Cir. 2004)). Plaintiff falls far short of meeting this demanding burden.

### A. Plaintiff failed to preserve any claim of error regarding the admission of Zaragoza's video deposition at trial because Plaintiff did not timely object on the grounds of unfair prejudice.

Prior to trial, on August 12, 2025, Defendant Hunady filed amended designations for portions of eyewitness Graciela Zaragoza's video deposition to be offered at trial in lieu of live testimony, including both transcript citations and video-counter designations. (Doc. 84.) On August 28, 2025, Plaintiff filed her Objections to the Video Deposition of Graciela Zaragoza, raising numerous objections on the grounds of relevance, hearsay, and speculation. (*See* Doc. 98, Pgs. 1–16.) Plaintiff, however, failed to raise a single objection under Federal Rule of Evidence 403 asserting that such evidence should be excluded due to unfair prejudice. (*Id.*) Plaintiff's motions in limine made a Rule 403 objection related to audio portions of the cell phone video, (Doc. 99 – Pg. 4), but no such objection was made related to Zaragoza's video deposition. (*Id.*) Significantly, Plaintiff's arguments, in her motion for a new trial, that the admission of Zaragoza's video deposition is premised on Rule 403. (Doc. 115 – Pg. 5, para. 1.)

To preserve a claim of error on a trial court's evidentiary ruling, a party must timely object and state the specific grounds for the objection. Fed. R. Evid. 103(a)(1)(A). "Rule 403 objections, like other objections to the admission of evidence, are preserved only if they are timely and state the specific ground of objection." *Wilson v. Attaway*, 757 F.2d

1227, 1242 (11th Cir. 1985). By failing to raise any Rule 403 objections, Plaintiff waived any claim that the deposition was unduly prejudicial. Consequently, Plaintiff cannot demonstrate that the admission of Zaragoza's deposition caused "substantial prejudice" or affected her substantial rights and therefore cannot meet the high burden required to justify a new trial under Fed. R. Civ. P. 61.

   B. **Plaintiff fails to show the admission of the audio portion of the cell phone and portions of Zaragoza's video deposition resulted in substantial prejudice.**

As an initial matter, Plaintiff's motion for a new trial is primarily a repackage of the arguments raised at pretrial in her first and third motions in limine. (Doc. 99) First, Plaintiff argues that the audio portion of Zaragoza's cell phone video should have been excluded. In her motion for a new trial, Plaintiff contends that the audio constitutes hearsay without a proper exception under the Federal Rules of Evidence. Additionally, Plaintiff asserts that admitting the audio, which contained emotional or inflammatory remarks, distracted the jury resulting in undue prejudice, jury confusion, and misleading the jury.

Plaintiff's argument is without merit because the audio portion of Zaragoza's cell phone video was both relevant and admissible under the Federal Rules of Evidence. The audio provided real-time descriptions of the "facts and circumstances" confronting Defendant Hunady during the incident, which were critical to the Fourth Amendment inquiry into whether his actions were objectively reasonable. Furthermore, as argued in detail in Defendant's response to Plaintiff's motions in limine, (Doc. 103 – Pgs. 1-5), the audio fell within multiple hearsay exceptions under Rule 803, including present sense impression, excited utterance, and then-existing state of mind. The probative value of the

3

audio outweighed any potential prejudicial effect, as it helped the jury evaluate the objective reasonableness of Hunady's actions.

Second, Plaintiff motion for a new trial contends that lay witness testimony, specifically the testimony of Zaragoza, regarding Victor's intent or state of mind after he exited his vehicle and before the shooting should have been excluded. Plaintiff strongly asserts that Zaragoza's testimony stating her perception that "Victor was holding a gun," introduced by Defendant for non-hearsay purposes, was prejudicial under Rule 403.

Plaintiff's argument in this regard is unavailing. Zaragoza's testimony regarding how she, as a third-party witness, interpreted Victor's actions based upon her personal observations and perceptions at the time of the incident was proper under Rule 602. Zaragoza's testimony regarding her observations and her conclusions based on those observations were directly relevant to the Fourth Amendment inquiry because it assists the jury in understanding the setting and conditions at the time the use of force incident took place rather than viewing the incident on video retrospectively, far from potential danger, with ample time to deliberate over the incident while pausing, backing up, and replaying the video.

Plaintiff's argument regarding the non-hearsay purpose and prejudice of Zaragoza's testimony at trial is without merit. Clearly Zaragoza's testimony regarding her belief Victor was armed with a gun was not offered for its truth because it was undisputed at trial that Victor was unarmed. Nor would such testimony prejudice the jury because Zaragoza was clearly mistaken. However, Zaragoza's testimony demonstrating her mistaken belief that Victor was armed was relevant, and almost certainly impactful, to demonstrate a reasonable

4

belief, from an eye-witness perspective, that Victor was armed.

### C. Plaintiff fails to show the admission of Defendant's special interrogatories resulted in substantial prejudice.

Permitting Defendant Hunady to submit special interrogatories to the jury for the purpose of his qualified immunity defense is in accordance with Eleventh Circuit precedent. "Any qualified immunity defenses that do not result in summary judgment before trial may be renewed at trial, where the actual facts will be established." *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 992 (11th Cir. 1995); *Murdock v. Montgomery Cnty. Alabama*, No. 21-13616, 2024 WL 4637687, at *8 (11th Cir. Oct. 31, 2024). Because the facts most favorable to the nonmovant at summary judgment may be different than the facts ultimately determined at trial by the jury, the defense of qualified immunity remained available for Defendant Hunady. *Baxter v. Roberts*, 54 F.4th 1241, 1256 n.2 (11th Cir. 2022) (citing *see Simmons v. Bradshaw*, 879 F.3d 1157, 1164 (11th Cir. 2018).

In this Circuit, however, the issue of qualified immunity is not presented to the jury because "[e]ntitlement to qualified immunity is for the court to decide as a matter of law." *Simmons v. Bradshaw*, 879 F.3d 1157, 1163 (11th Cir. 2018). Thus, where a defendant's pretrial motion has been denied because there are genuine issues of material fact were outcome determinative on the issue of qualified immunity, the Eleventh Circuit has made clear that "special jury interrogatories may be used to resolve those factual issues." *Simmons*, 879 F.3d at 1164-65 (citing *Cottrell v. Caldwell*, 85 F.3d 1480, 1487 (11th Cir. 1996)); *Murdock*, 2024 WL 4637687, at *8 (citing *Cottrell* and *Simmons* for same). As explained in *Simmons*, denying Defendant Hunady's request to submit special

interrogatories would have been contrary to the established law of this Circuit:

> Because a public official who is put to trial is entitled to have the true facts underlying his qualified immunity defense decided, a timely request for jury interrogatories directed toward such factual issues should be granted. *Denial of such a request would be error, because it would deprive the defendant who is forced to trial of his right to have the factual issues underlying his defense decided by the jury*.

*Simmons*, 879 F.3d at 1164 (emphasis in original) (quoting *Cottrell*, 85 F.3d at 1487-88). Accordingly, denying Hunady's request to submit special interrogatories would have been an error resulting in substantial prejudice to the defense.

As an initial matter, it is significant that verdict rendered a verdict that Defendant Hunady did not violate Victor's constitutional rights. (Doc. 110 – Pg. 1) Accordingly, the jury deliberations ended on page 1 of the verdict form and never reached any conclusion regarding the special interrogatories related the qualified immunity defense on pages 3 and 4 of the verdict form. (Doc. 110 – Pgs. 1, 3-4.) Accordingly, Plaintiff's assertion that the special interrogatories prejudiced the jury in any manner is mere speculation.

Mere speculation is insufficient to demonstrate substantial prejudice. *Stone v. Peacock*, 968 F.2d 1163, 1166 (11th Cir. 1992) (holding "[e]ven if a court improperly instructs the jury on qualified immunity, however, the error does not require reversal if it can be determined that the jury decided the case on the merits and not on qualified immunity"); *Ansley v. Heinrich*, 925 F.2d 1339, 1347 (11th Cir. 1991) (holding that although the district court erred in including a jury instruction on qualified immunity, the charge when viewed in its entirety did not mislead the jury emphasizing that the jury was properly instructed on the governing excessive-force standards and assessing the officers'

conduct in light of all the surrounding facts and circumstances).

Additionally, Plaintiff primarily takes issue with the last special interrogatory number 8 which states: "Do you find that Deputy Hunady perceived that Mr. Victor posed an imminent threat of serious physical harm to himself or others when he used deadly force?" (Doc. 110 – Pg. 4.) Plaintiff postures that this interrogatory asked the jury to make a determination on Hunady's subjective perceptions. While, at least arguably, the interrogatory could have been worded better, but Plaintiff's argument is really a matter of semantics. The interrogatory, for example, could have been worded "was there reason to believe Victor posed an imminent threat of serious harm . . ." which would have effectively the same meaning. Additionally, even assuming *arguendo*, that the semantic structure of special interrogatory number 8 is as critically flawed as Plaintiff asserts, the potential effect is speculative. Such is the case not only because how the jury would have answered all of the special interrogatories is speculative, but also if the jury had responded to all eight interrogatories with a mixture of yes and no answers, how the court would rule on the issue of qualified immunity also requires speculation. Accordingly, Plaintiff cannot demonstrate the special interrogatories resulted in substantial prejudice.

## CONCLUSION

For the aforementioned reasons, Plaintiff's motion for a new trial should be denied.

Respectfully submitted on November 14, 2025.

>**/s/J. Randall McNeill**
> J. RANDALL MCNEILL (ASB-4841-E29J)
> JOSHUA A. WILLIS (ASB-M10T)
> FRED L. CLEMENTS, JR. (ASB-5682-R39C)
> Attorneys for Defendant Matthew Hunady

        WEBB MCNEILL FRAWLEY PC
        One Commerce Street, Suite 700 (36104)
        Post Office Box 238
        Montgomery, Alabama 36101-0238
        (334) 262-1850 – T
        (334) 262-1889 – F
        rmcneill@wmwfirm.com
        jwillis@wmwfirm.com
        fclements@wmwfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jack Samuel Tenenbaum
Northwestern Pritzker University School of Law
375 E. Chicago Ave.
Chicago, IL 60611
s-tenenbaum@law.northwestern.edu

Henry Brewster
Henry Brewster, LLC
205 N. Conception Street
Mobile, AL 36603
hbrewster@brewsterlaw.net

        **/s/J. Randall McNeill**
        OF COUNSEL